In the Matter of the Final Judicial Settlement of Proceedings of H. TREADWELL STEERS and JOHN L. STEERS, as Executors, etc., of CATHARINE WATSON STEERS, Deceased. JOHN L. STEERS and H. TREADWELL STEERS, Respondents; MABEL CADMUS and ANNIE S. SULLIVAN, Appellants.— Decree of the Surrogate's Court of Richmond county in so far as it sustains the action of the executors in delivering to themselves forty shares of stock in the Staten Island National Bank and Trust Company of New York, unanimously affirmed. In so far as it fixes the allowance to the executors at $1,024.38, the decree is reversed upon the law and the facts, and a new trial ordered with reference thereto, upon the ground that there is no valid proof of the expenditure of said sums in behalf of the mother. Costs to appellants and respondents payable out of the estate. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

ANITA M. McILVAINE, Respondent, v. THOMAS McILVAINE, JR., Appellant.— On argument, order denying defendant's motion to open default reversed upon the law and the facts, without costs, and motion granted, without costs; defendant's proposed answer to be served within five days from the entry of the order herein; judgment, order of arrest and undertaking given thereon to remain as security. Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK J. YOCKEL, Appellant.— Judgment of conviction of the County Court of Westchester county reversed upon the law and the facts and a new trial ordered. It was harmful error to admit People's Exhibit 3, the examination of defendant by the district attorney. Aside from a few of the questions and answers therein, which, defendant admitted, had been asked and answered, the remainder of the exhibit had not been authenticated. Furthermore, a considerable part of the exhibit consisted of matter which, because of the method adopted by the district attorney, cast upon defendant suspicion of having done things that might have prejudiced him with the jury, though he denied their commission to the district attorney. Furthermore, the matter of identification was sufficiently close as a matter of fact to require a new trial in the interest of justice. Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ., concur.

HARRY RANDELL, Respondent, v. DENWOOD REALTY Co., INC., Appellant, Impleaded with Another.— Judgment reversed upon the law and the facts, and a new trial granted, costs to abide the event, upon the ground that the verdict is against the weight of the evidence. Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ., concur.

JOSEPH STEPP, by His Guardian ad Litem; PUETER STEPP, Respondent, v. ANGELO MARINO, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkin:, JJ.